## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-CR-60020-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

vs.

**DREW LIEBERMAN,**

             **Defendant.**

_____/

### AGREED FACTUAL BASIS FOR GUILTY PLEA

Beginning in or around approximately June 2017, and continuing through in or around approximately September 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant, DREW LIEBERMAN ("LIEBERMAN"), knowingly and willfully conspired and agreed with his co-conspirators, including Jonathan Markovich ("J. Markovich"), Daniel Markovich ("D. Markovich"), Jose Santeiro ("Santeiro"), and Christopher Garnto ("Garnto"), to commit health care fraud, in violation of Title 18, United States Code, Section 1349, that is, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, the Insurance Plans[1], and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control

---

[1]       At least 10 insurance plans were fraudulently billed as part of the scheme, including, but not limited to, plans offered by Aetna Health Management LLC and Aetna Life Insurance for Members ("Aetna"), Blue Cross/Blue Shield ("BCBS"), Cigna Healthcare ("Cigna"), Magellan Health Inc., Medical Mutual, United Behavioral Health and United Health Group, Inc. ("United"), and Optum Health ("Optum").

of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347. The Insurance Plans were "health care benefit programs" as defined in Title 18, United States Code, Section 24. Furthermore, the Insurance Plans were health care benefit programs affecting commerce.

LIEBERMAN, a resident of Miami-Dade County, Florida, was a licensed medical doctor who served as the Chief Medical Officer of Second Chance Detox, LLC (d/b/a Compass Detox) ("Compass Detox"), a limited liability company formed under the laws of Florida, which had its principal place of business in Broward County, Florida. Compass Detox provided inpatient detoxification ("detox") and residential treatment services to individuals suffering from drug and alcohol addictions.

As Chief Medical Officer and one of two medical doctors employed by Compass Detox during the relevant time period, LIEBERMAN was responsible for admitting patients to Compass Detox at the appropriate level of care (or not at all if they did not qualify for the levels of care offered by Compass Detox), addressing patients' withdrawal symptoms, medicating patients properly, implementing and monitoring patient treatment plans, and ensuring proper medical oversight of patients at Compass Detox. LIEBERMAN conspired with J. Markovich, D. Markovich, Garnto, and Santeiro to submit and cause to be submitted false and fraudulent claims to the Insurance Plans for detox and residential treatment services offered by Compass Detox.

For example, LIEBERMAN and Santeiro prescribed medications for Compass Detox patients, including controlled substances, prescription medications, and over-the-counter

2

medications, in quantities and combinations that at times grossly diverged from legitimate medical practice, and which LIEBERMAN knew caused patients who took these medications to feel impaired and impeded their ability to participate in therapy. Among such substances were benzodiazepines, which are known drugs of abuse, and a substance called a "comfort drink" (also known as a "comfort shot" or "comfort meds"). LIEBERMAN created the comfort drink in part to keep patients sedated and so that they would be more likely to remain at Compass Detox. These medications also incentivized patients, including patients who did not qualify for detox, to continually return to Compass Detox.

LIEBERMAN, J. Markovich, D. Markovich, Santeiro, and Garnto recycled patients through Compass Detox, as well as other treatment centers affiliated with co-conspirators, multiple times, for the primary purpose of being able to bill the Insurance Plans for such additional treatment, regardless of whether this treatment was medically necessary or actually provided. Many of these patients were admitted for detox—which is reserved for patients experiencing severe withdrawal symptoms—when they did not qualify, in order to maximize reimbursements.

In addition, to ensure that insurance companies reimbursed Compass Detox, LIEBERMAN and his co-conspirators agreed for LIEBERMAN to use SANTEIRO's electronic medical records login credentials to complete medical documentation, despite the fact that SANTEIRO—the Medical Director of Compass Detox—provided little to no appropriate oversight of patient care at Compass Detox. LIEBERMAN also extended medication tapers and followed instructions from non-clinicians in order to keep patients at Compass Detox for the

3

maximum number of days that the Insurance Plans would reimburse, regardless of whether such medications and additional days of treatment were medically necessary.

Between in or around June 2017, and continuing through in or around September 2020, LIEBERMAN and his co-conspirators caused Compass Detox to submit at least $60,576,082.40 in false and fraudulent claims for reimbursement from the Insurance Plans for detox and residential treatment services.  As the result of these false and fraudulent claims, the Insurance Plans made payments to Compass Detox of at least $18,515,385.10 on these claims.

4

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning criminal activity in which I and others engaged. I make this statement knowingly and voluntarily and because I am in fact guilty of the crimes charged.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

JOSEPH S. BEEMSTERBOER
ACTING CHIEF
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

Date: 2/4/22                    By: _____
                                   JAMES V. HAYES
                                   SENIOR LITIGATION COUNSEL
                                   JAMIE DE BOER
                                   TRIAL ATTORNEY
                                   FRAUD SECTION, CRIMINAL DIVISION
                                   U.S. DEPARTMENT OF JUSTICE

Date: 1/31/22                   By: _____
                                   DREW LIEBERMAN
                                   DEFENDANT

Date: 1/31/22                   By: _____
                                   RYAN STUMPHAUZER
                                   STUMPHAUZER FOSLID SLOMAN ROSS &
                                   KOLAYA PLLC
                                   COUNSEL FOR DREW LIEBERMAN

5